IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 6, 2005 Session

## BEVERLY MILLER, ET AL. v. UNITED AUTOMAX

**Appeal by permission from the Court of Appeals, Western Division**
**Circuit Court for Shelby County**
**No. 306619-7      Hon. Robert A. Lanier, Judge**

---

**No. W2003-01394-SC-R11-CV - Filed June 24, 2005**

---

This case arises out of the sale of a used car which Plaintiffs, the buyers of the car, maintain was damaged prior to sale despite Defendant's denial of damage. A jury found for Plaintiffs, the buyers, on their claims for both common law intentional misrepresentation and for violation of the Tennessee Consumer Protection Act, Tennessee Code Annotated section 47-18-101 et seq. (1995). Plaintiffs elected to receive the punitive damages awarded by the jury under the common law claim in lieu of treble damages under the Tennessee Consumer Protection Act. When Plaintiffs then requested attorney's fees under the Act, the trial court held that they could not receive both punitive damages and attorney's fees. The trial court also held that the election of remedies made by Plaintiffs had become final before the entry of judgment and before Plaintiffs were informed of the amount they might have received in attorney's fees under the Act and that Plaintiffs could not amend their election of remedies. The Court of Appeals upheld the decision of the trial court. We reverse, holding that Plaintiffs can receive both punitive damages under the common law misrepresentation claim and attorney's fees under the Tennessee Consumer Protection Act. We remand to the trial court for award of appropriate attorney's fees and costs.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals is Reversed and**
**Case Remanded to the Trial Court**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, Jr., and JANICE M. HOLDER, JJ., joined.

Kevin A. Snider, Germantown, Tennessee, for the appellants, Beverly Miller and Cassandra Meyer.

Gary C. McCullough, Germantown, Tennessee, for the appellee, United Automax.

# OPINION

## FACTUAL BACKGROUND

On June 26, 1998, Beverley Miller and Cassandra Meyer (collectively "Plaintiffs") purchased a used Ford Contour from United Automax ("Defendant"). Plaintiffs contend that the car had been damaged prior to the sale, while Defendant denies that the car was ever damaged.

Plaintiffs brought suit against Defendant in the General Sessions Court for Shelby County. Plaintiffs' claims included breach of contract, breach of warranty, fraud, misrepresentation, and violation of the Tennessee Consumer Protection Act. Following the January 18, 2000, hearing, the general sessions court entered a judgment in favor of Plaintiffs in the amount of $10,000.00 plus court costs. Defendant timely appealed to the Shelby County Circuit Court.

Plaintiffs' expert who had testified in the general sessions court trial died before the appeal was heard in the circuit court. Upon Plaintiffs' motion, the circuit court allowed the deceased expert's testimony from the transcript of the general sessions court proceedings to be admitted into evidence. A jury trial was held in the circuit court on April 8 and 9, 2003. At the conclusion of the trial, the jury completed written jury verdict forms provided by the trial judge. One form related to Plaintiffs' misrepresentation claim and another form related to Plaintiffs' claim under the Tennessee Consumer Protection Act.

In completing the form regarding the misrepresentation claim, the jury found the following:

Question 1: Did the Defendant misrepresent the condition of the vehicle (that it never had been wrecked) at the time it was sold?

Answer: Yes.

Question 2: Was the misrepresentation without negligence, negligent or intentional or reckless?

Answer: Intentional or reckless

Question 3: What damage did the Plaintiff sustain that she would not have had if the condition of the automobile was what it was represented to be?

Answer: $899.50.

Question 4: (Answer only if you have found the misrepresentation to have been intentional or reckless. If not intentional or reckless, put "none" after the dollar sign below). What damages, if any, should be awarded to punish the Defendant for the intentional or reckless misrepresentation?

Answer: $3,000.

With respect to the claim under the Tennessee Consumer Protection Act, the jury found as follows:

Question 1: Did the Defendant represent that the automobile was not wrecked when it had, in fact, been in a wreck?

Answer: Yes.

Question 2: What actual damages, meaning loss of money, did the Plaintiff suffer as a result of the representation?

Answer: $899.50.

After the trial court informed the parties as to the jury's conclusions, the following exchange took place between the trial judge and the parties' attorneys:

MR. SNIDER [Plaintiffs' Attorney]: Your Honor, I guess, as I understand the election, the election would be between accepting punitive damages [for common law misrepresentation] or, essentially, asking Your Honor for the treble damages [under the Tennessee Consumer Protection Act].

THE COURT: That's correct.

MR. SNIDER: So I guess based upon the number calculation, I think that would be more than the maximum that you could award anyway.

THE COURT: Yeah.

MR. SNIDER: So we would accept the punitive damages. But we still have the issue – and we were going to do it by separate motion; I think that's what Your Honor had wanted – in regard to attorney fees.

. . . .

THE COURT: All right.

MR. McCULLOUGH [Defendant's Attorney]: Your Honor, please, my understanding is that he's accepted the misrepresentation – made his election to accept the misrepresentation with the $899.50 and the $3,000.

THE COURT: That's my understanding.

MR. SNIDER: Correct. But we also have the verdict under the Consumer Protection Act, which would entitle my client to a claim for attorney fees, which you're going to rule on later.

THE COURT: Okay. There just can't be any duplication of damages or punitive damages.

A hearing was conducted on April 25, 2003, regarding Plaintiffs' claim for attorney's fees under the Tennessee Consumer Protection Act. During this hearing, the plaintiff's attorney made the following remarks:

I think, if I understand [Defendant's attorney's argument], and our position is, Your Honor, we don't dispute that we accepted the punitive damages of misrepresentation, but our understanding was, at least my understanding was, in choosing that is you would just be waiving any claim of treble damages, not that you would be waiving the claim for attorney fees.

However, the trial judge concluded at the hearing: "So I'm going to hold that there was an election made to accept the tort remedy and with the benefits and shortcomings of the tort remedy and that it can't be changed now after having done so." The trial court entered an order in which it awarded Plaintiffs $899.50 in actual damages and $3,000 in punitive damages under Plaintiffs' common law misrepresentation claim. The trial court denied Plaintiffs' claim for attorney's fees under the Tennessee Consumer Protection Act.

The Court of Appeals upheld the trial court's determination that Plaintiffs were forced to elect between receiving punitive damages for their common law misrepresentation claim and attorney's fees under the Tennessee Consumer Protection Act. The Court of Appeals also upheld the trial court's determination that the election made by Plaintiffs became final before the entry of judgment and before Plaintiffs were informed of the amount they might have received in attorney's fees under the Tennessee Consumer Protection Act.

Plaintiffs filed a timely application for permission to appeal, which we granted to determine whether Plaintiffs could recover both punitive damages under the common law claim for misrepresentation and attorney's fees under the Tennessee Consumer Protection Act.

**ANALYSIS**

**I. Standard of Review**

The trial court's determination that Plaintiffs were not entitled to an award of attorney's fees after electing punitive damages under the misrepresentation claim in lieu of treble damages under Consumer Protection Act claim is a question of law. As such, our review of the trial court's decision is de novo upon the record with no presumption of correctness. See Tenn. R. App. P. 13(d); Union

-4-

Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993).

## II. The Election of Remedies Doctrine

Plaintiffs argue that they are entitled to both punitive damages and attorney's fees because the two remedies are not inconsistent with each other nor do they provide double redress for a single wrong. Plaintiffs reason that the only election that needed to be made was between the award of treble damages and punitive damages, and not between the entire elements and remedies of each theory of recovery. Defendant responds that the election was essentially between the two verdicts with their respective recovery schemes, and because Plaintiffs chose punitive damages under the common law claim, they could not also receive the attorney's fees that would be available under the Act. We agree with Plaintiffs.

Tennessee Rule of Civil Procedure 8.01 "grants a plaintiff wide latitude in pleading alternative claims for relief and pursuing an array of theories of recovery in a single action." Concrete Spaces, Inc. v. Sender, 2 S.W.3d 901, 906 (Tenn. 1999). This allows Plaintiffs to seek redress both under common law and under the Tennessee Consumer Protection Act. However, in certain circumstances, a plaintiff is required to elect between remedies.

> The election of remedies doctrine has two general applications: (1) a plaintiff may be estopped from pursuing additional remedies once a plaintiff has made a choice to pursue a specific remedy in another forum or lawsuit, and (2) a plaintiff may be forced to elect between different remedies "where the remedies are so inconsistent or repugnant that pursuit of one necessarily involves negation of the other."

Forbes v. Wilson County Emergency Dist. 911 Bd., 966 S.W.2d 417, 421 (Tenn. 1998) (internal citations omitted). "For election of remedies to apply, the two remedies sought must be truly repugnant to one another." Allied Sound, Inc. v. Neely, 909 S.W.2d 815, 822 (Tenn. Ct. App. 1995). The purpose behind the election of remedies doctrine is to prevent "double redress" for a single wrong. Forbes, 966 S.W.2d at 421.

Clearly, Plaintiffs are not pursuing additional remedies in another forum or lawsuit. Thus, the only question is whether the two remedies, punitive damages and attorney's fees, are "truly repugnant to one another."

In Concrete Spaces, this Court dealt with the election of remedies doctrine in a case involving a claim under the Tennessee Consumer Protection Act and a claim for negligent misrepresentation. In that case, the issue was whether a plaintiff could receive both punitive damages under the common law claim and treble damages under the Act. We held that such a double recovery was impermissible.

> Almost every jurisdiction addressing this question has concluded that recovery of both multiple statutory damages and punitive damages constitutes an

> impermissible double recovery because the two forms of enhanced damages serve the same functions. The purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and to deter others from committing similar wrongs. Because multiple damages are punitive in nature and not intended to compensate for the plaintiff's injury, a plaintiff cannot recover both punitive damages and multiple damages in the same cause of action, even if they are each available, because receipt of both forms of enhanced damages violates the principle against double recovery.

Concrete Spaces, 2 S.W.3d at 906-07 (internal citations omitted).

Plaintiffs concede that they are not entitled to both treble damages under the Tennessee Consumer Protection Act and punitive damages under common law misrepresentation. Nor do they suggest that they could receive actual damages under both verdicts. This result is consistent with our prior holding in Concrete Spaces, 2 S.W.3d at 906-07. However, unlike Concrete Spaces, this case deals with the recovery of attorney's fees, not treble damages under the Act, in addition to punitive damages.

The Tennessee Consumer Protection Act provides that once a trial court finds that there has been a violation of the Act, the court may award the plaintiff "reasonable attorney's fees and costs." Tenn. Code Ann. § 47-18-109(e)(1) (1995). Unlike an award of treble damages under the Tennessee Consumer Protection Act, attorney's fees are not punitive in nature. "The potential award of attorney's fees under the Tennessee Consumer Protection Act is intended to make prosecution of such claims economically viable to plaintiff." Killingsworth v. Ted Russell Ford, Inc., 104 S.W.3d 530, 535 (Tenn. Ct. App. 2002) (citation omitted). On the other hand, punitive damages are designed to punish wrongful conduct and to deter others from such conduct in the future. See Concrete Spaces, 2 S.W.3d at 906-07. Because the purpose of the attorney's fees and costs provision is different from the purpose of punitive damages, an award of attorney's fees and costs under the Tennessee Consumer Protection Act is not duplicative of punitive damages.

Again, the election of remedies doctrine serves only to prevent double redress for a single wrong. See Wimley v. Rudolph, 931 S.W.2d 513, 515 (Tenn. 1996); Allied Sound, Inc., 909 S.W.2d at 822. The election is not, as Defendant suggests, between the two separate verdicts, but only between those parts of the recovery that are duplicative. Therefore, while Plaintiffs may not recover both punitive damages and treble damages, they may recover both punitive damages and attorney's fees.

The other issue raised by Plaintiffs on appeal – whether the trial court erred in refusing to allow them to amend their election – has become moot with our determination that Plaintiffs are entitled to both punitive damages under the common law misrepresentation claim and attorney's fees under the Tennessee Consumer Protection Act.

### III. Use of Transcript

Automax raises one additional issue on appeal. It contends that the trial court erred in allowing Plaintiffs to use a transcript from the trial in general sessions court because Defendant paid for the court reporter and Plaintiffs did not share in the cost. Following the trial in general sessions court, and before the trial in circuit court, the expert for Plaintiffs died. Plaintiffs filed a motion requesting that the expert's testimony from the lower court be admitted on the transcript. The trial court granted the motion over Defendant's objection.

A party who does not share in the per diem expense of a court reporter runs the risk of not having a verbatim record available. This risk stems from the contractual relationship created between the reporter and the payee. See Beef N' Bird of Am., Inc. v. Cont'l Cas. Co., 803 S.W.2d 234, 241 (Tenn. Ct. App. 1990).

The Court of Appeals explains the situation in this case:

It is uncontested that Appellants made arrangements with the court reporter to purchase a copy of the transcript. After procuring the copy, Appellants sought its admission in the trial court. Automax contends that Appellants did not "make satisfactory arrangements" with Automax in obtaining the transcript. While it is true that Appellants did not seek Automax's permission, they were able to buy a transcript from the reporter. Any contractual obligations concerning the transcript arise from the terms of any agreement between Automax and the reporter it hired. Consequently, if Automax disagrees with the court reporter's actions in selling the Appellants a copy of the transcript, that is a dispute between Automax and the court reporter.

We agree with and adopt this summation from Court of Appeals and hold that Defendant's issue is without merit.

## CONCLUSION

In summary, we hold that an award of attorney's fees and costs under the Tennessee Consumer Protection Act is not duplicative of punitive damages awarded under a claim for common law misrepresentation. Therefore, Plaintiffs are allowed to recover attorney's fees under the Act after having elected to receive punitive damages in lieu of treble damages. We reverse the Court of Appeals and remand the case to the trial court for a determination of appropriate attorney's fees pursuant to the Tennessee Consumer Protection Act.

Costs of this appeal are assessed to United Automax, and their sureties, for which execution may issue if necessary.

_____
WILLIAM M. BARKER, JUSTICE