IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2007 Session

## GWINN FAYNE AND ALFRED FAYNE v. TERESA VINCENT and DAVID VINCENT

**Direct Appeal from the Chancery Court for Bradley County**
**No. 98-267 consolidated with98-050     Hon. John B. Hagler, Judge**

**No. E2007-00642-COA-R3-CV  - FILED MARCH 12, 2008**

In this dispute over the sale of a home, the Trial Court initially granted purchasers a rescission of the sale, but purchasers appealed to this Court.  We ruled that the Trial Court had failed to put the purchasers in the position they would have occupied had the sale never occurred, and remanded the issues of various costs, pre-judgment interest and the fair rental of the property to take into consideration in placing the parties in a pre-contract status quo position.  Also, remanded was the issue of attorney's fees and whether the sellers had violated the Tennessee Consumer Protection Act.  On remand, the Trial Court ruled that sellers had violated the Tennessee Consumer Protection Act and awarded attorney's fees and pre-judgment interest, as well as adjusting the Judgment to place the parties in status quo upon rescission.

The appeal ensued by the sellers, and we affirm the Judgment of the Trial Court, as well as an award of attorney's fees to the purchasers for their representation on appeal.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

J. Michael Sharp, Cleveland, Tennessee, for appellants.

Michael A. Anderson, Chattanooga, Tennessee, for appellees.

**OPINION**

**Background**

This suit originated when plaintiffs filed suit against defendants Teresa and David Vincent regarding alleged defects in the septic system of the house the Vincents sold to plaintiffs.

Plaintiffs alleged fraudulent and negligent misrepresentations and violation of the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. § 47-18-104(b)(27), and that defendants admitted that Mr. Vincent built the residence in question and other homes in the subdivision and that Ms. Vincent acted as the Vincents' realtor for the transaction at issue. It was further alleged that the TCPA was applicable because Teresa Vincent was "a realtor engaged in the business of selling property" and David Vincent was a "developer engaged in the business of building and selling property". Defendants, in their Answer, denied the statute was applicable.

The case was tried on December 11, 2002 before Chancellor Jerri S. Bryant without a jury. Following trial, the Chancellor ordered a rescission of the real estate sales contract, and required the defendants to repurchase the property from plaintiffs for the 1997 purchase price. The Court found the Vincents at fault and stated that her order of rescission was based on a determination that the real estate disclosure statement was "violated" by Mr. Vincent and he was aware of the problems with the septic system. She also found that his representations were not intentional, malicious, or fraudulent.

Plaintiffs appealed the Trial Court's ruling on these issues:

(1)     Whether the Trial Court erred in dismissing Re/Max on the grounds that Teresa Vincent, a realtor with Re/Max, was an independent contractor.

(2)     Whether the Trial Court erred in failing to put the Faynes in the position they would have occupied if the Vincents had not misrepresented the condition of the home they sold to the Faynes.

(3)     Whether the Trial Court erred in failing to award attorney's fees to the Faynes.

The appeal to this Court resulted in an Opinion by this Court in *Fayne v. Vincent,* No. E2003-01966-COA-R3-CV, 2004 WL 1749189 at *3 (Tenn. Ct. App. Aug. 5, 2004) (hereinafter *Fayne I).* Notably, the defendants did not appeal the Trial Court's order of rescission based on a finding of fault because of their failure to disclose the problem with the septic system of which they were aware.

In *Fayne I*, this Court concluded that the Trial Court had failed to put the Faynes in

the position they would have occupied had the sale never occurred and found that the Faynes had incurred expenses associated with the purchase of the house, such as closing costs and the acquisition of a mortgage. We explained that in a case of rescission the seller is usually awarded compensation from the buyer for use of the property and that such awards are usually calculated from the fair rental value of the property while it was under the buyer's control. *Fayne I* at *4. We remanded this issue to the Trial Court for consideration of closing costs, mortgage interest, real estate taxes, prejudgment interest, fair rental value and other matters that needed to be taken into consideration when placing the parties in their pre-contract status quo positions. *Fayne I* at *5.

This Court also remanded the issue of whether attorney's fees were appropriate. In this case, the Trial Court had not articulated whether it had based its order of recession on the common law theory of fraud and deceit or on a finding that the Vincents had violated the TCPA.

Upon remand, the Trial Court appointed a special master, and the special master issued an order regarding the expenses incurred by the Faynes in connection with the real estate contract[1] and the fair market rental value of property while the Faynes occupied it.[2] The master concluded that the amount due the Faynes was the original purchase price cost of the property ($104,500.00)[3] plus expenses associated with the contract of sale ($66,591.31) , minus the fair rental value of the house while the Faynes occupied it ($50, 400.00), which equaled a total of $120,691.31. The master declined to award pre-judgment interest, and made a finding that based upon Mr. Vincent's testimony, the current value of the property was between $127,000.00 and $130,000.00 and that the cost of repair to the septic system was not more than $4,000.00. He concluded that because "Mr. Vincent is an experienced builder and Mrs. Vincent is an experienced real estate agent", the defendants were in a superior position to make the necessary repairs and to sell the residence.

Finally, the master opined that the Vincents had not violated the Tennessee Consumer Protection Act. He based his opinion on the Trial Court's finding that defendants' representations were not "intentional, malicious or fraudulent." This finding contradicts the Trial Court's holding that the Vincents were at fault based on a finding that "the disclosure statement was violated " a

---

[1] These expenses included moving expenses ($2,500.00); home insurance ($2,234.00); mortgage interest ($55,169.00); property tax ($5988.31) and; laundry expenses associated with the defective septic system ($200.00). The special master disallowed plaintiffs' claim for closing costs as this expense was paid for by Mr. Fayne's employer.

[2] The special master calculated the fair rental value of similar houses in the community at $800.00. But he discounted the rent by 30% because of the inconveniences caused by the defective septic system.

[3] This cost was established by the Trial Court in its first opinion and not appealed in *Fayne I.*

finding that was not appealed in *Fayne I*.

Chancellor Bryant recused herself and the Honorable John B. Hagler then presided over the case.

The Vincents filed exceptions to the master's report, and Judge Hagler subsequently issued a Memorandum Opinion holding:

> First, only the Trial Judge may make findings with respect to the application of the Consumer Protection Act. In that regard, it's important to record that the Chancellor initially declined to award attorney fees only because she found that the fees, as opposed to the premise for the fees, had not been proven. On remand, plaintiffs have submitted the agreed amount ($37, 483.93) of fees.
>
> Secondly, the plaintiffs specifically sought relief under the Consumer Protection Act and the Chancellor, as does the undersigned, has made a string of findings clearly sustaining violation of the statute: (1) The plaintiffs [sic] [4] knowingly installed the septic system in violation of the permit setback restrictions; (2) Plaintiffs [sic] knew and did not disclose that there was an ongoing problem with the ill-placed system; (3) The plaintiffs [sic] knew, or should have known, that the system, as installed, would not work properly. Whether resulting from negligence or fraud (the Chancellor precluded fraud) these acts and omissions were unfair and deceptive to the consumer. T.C.A.§ 47-18-104(b)(27) ; *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W. 2d 913 (Tenn. App. 1992). Plaintiffs [sic] as a developer and a realtor, respectively, are subject to the act. See *Ganzevourt v. Russell,* 949 S.W. 2d 293, 298 (Tenn. App. 1997).
>
> Rescission, as ordered, is an appropriate remedy under the act. The attorney's fees, as submitted, are an appropriate and fair remedy in this case. T. C. A. §47-18-109(e)(1).
>
> This court also awards pre-judgment interest to the extent of the equity value of the property at the time of rescission. Otherwise, plaintiffs are not returned to a status quo position as required by law and ordered on remand.
>
> These issues are raised on appeal:
>
> A.    Whether the Trial Court erred in finding that the Vincents violated the Tennessee Consumer Protection Act?

---

[4] The Trial Court filed a "Substituted Memorandum Order" on February 21, 2007 which substituted the word "plaintiffs" for "defendants" in the original memorandum order. The places where the substitutions were made are marked by [sic] in this memorandum.

B.      Whether the Trial Court erred in awarding pre-judgment interest to the Faynes?

C.      Whether the Faynes are entitled to attorney's fees associated with this appeal?

A trial court's findings of fact in a non-jury trial are reviewed *de novo* upon the record. The trial court is afforded a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13 (d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995). [5]

One of the issues on appeal is whether the Trial Court erred in awarding the Faynes prejudgment interest. Such awards are within the sound discretion of the trial court and will not be disturbed by an appellate court unless the record reveals a "manifest and palpable" abuse of discretion. *Spencer v. A-1 Crane Service, Inc.,* 880 S.W.2d 938, 944 (Tenn.1994); *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 446 (Tenn.1992). Thus, in cases where the evidence supports the trial court's decision, no abuse of discretion is found unless the trial court has applied an incorrect legal standard or reached a decision which is "against logic or reasoning that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W. 3d 82, 85 (Tenn. 2001).

The trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

The record on appeal does not contain a trial transcript or a statement of the evidence, and as explained in *Sherrod v. Wix,* 849 S.W.2d 780, 783 (Tenn. Ct. App.1992): "[t]his court cannot review the facts *de novo* without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings".

This Court in *Fayne I* considered the Faynes' argument that the Chancellor erred in only awarding rescission of the sales contract because by not awarding them their expenses, attorney's fees and pre-judgment interest they were not put in the position they would have occupied had the sale not occurred. We stated that "[t]he remedy of rescission involves the avoidance, or setting aside, of a transaction. It usually involves a refund of the purchase price or otherwise placing the parties in their prior status". *Fayne I*, at *4. We remanded the case to the Trial Court for a determination of all such factors that are necessary to place the parties in the positions in which they would have been if the contract had not been accomplished. The Trial Court was to consider prejudgment interest among such factors. *Fayne I*, 2004 WL 1749189 at * 5.

---

[5] Concurrent findings of fact by a special master in the trial court are upheld if there is material evidence to support the findings.

On remand the Trial Court awarded prejudgment interest to the "extent of the equity value of the property at the time of rescission" to return the plaintiffs to a "status quo position as required by law and as ordered on remand".

The Supreme Court set forth several principles that offer guidance to a trial court in exercising its discretion to award or deny prejudgment interest in *Myint v. Allstate Ins. Co.* 970 S.W.2d 920 (Tenn.1998) as follows: "Foremost are the principles of equity. Tenn. Code Ann. § 47-14-123. Simply stated, the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case. In reaching an equitable decision, a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrong doing. *Myint* 970 S.W.2d at 927-928 (citing *Mitchell v. Mitchell,* 876 S.W.2d 830, 832 (Tenn.1994); *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 446 (Tenn.1992)). The rational behind the award of prejudgment interest was further explained by the Court of Appeals in *Scholz v. S. B. Intern., Inc.*, 40 S.W.3d 78, 82 (Tenn. Ct. App. 2000):

> Parties who have been wrongfully deprived of money have been damaged in two ways. First, they have been damaged because they have not received the money to which they are entitled. Second, they have been damaged because they have been deprived of the use of that money from the time they should have received it until the date of judgment. Awards of pre-judgment interest are intended to address the second type of damage. They are based on the recognition that a party is damaged by being forced to forego the use of its money over time. *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 655-56, 103 S.Ct. 2058, 2062-63, 76 L.Ed.2d 211 (1983); *Mitchell v. Mitchell,* 876 S.W.2d 830, 832 (Tenn.1994). Thus, our courts have repeatedly recognized that prejudgment interest is awarded, not to punish the wrong-doer, but to compensate the wronged party for the loss of the use of the money it should have received earlier.

The Faynes were deprived of the use of the money they used to purchase the house for approximately ten years. Fairness required that they be awarded prejudgment interest in the effort to return them to the position they would have occupied if the sale had not occurred. We hold the Court did not abuse its discretion by awarding prejudgment interest.

The original Trial Judge did not state whether she relied on the TCPA or common law when she ordered a rescission of the sale. Judge Hagler, upon review of Chancellor Byrant's Opinion, review of the record and the trial transcript stated that the evidence supported a finding that the Vincents had violated the TCPA and that the defendants, as a real estate developer and a realtor, were subject to the TCPA.

The Faynes allege that the Vincents violated the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. § 47-18-104(b)(27), by not disclosing the problems with the septic system at the time of the sale of the house. The TCPA was enacted "to protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce ..., [t]o encourage and promote the development of fair consumer practices; [and] ... [t]o declare and to provide for civil legal means for maintaining ethical standards of dealing between persons engaged in business and the consuming public to the end that good faith dealings between buyers and sellers at all levels of commerce be had in this state ...." Tenn. Code Ann. § 47-18-102. "The TCPA is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices." *Morris v. Mack's Used Cars,* 824 S.W.2d 538, 540 (Tenn.1992), Tenn .Code Ann. § 47-18-102(2). The TCPA authorizes a private cause of action at Section 47-18-109(a)(1): "Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages". The TCPA is applicable to the sale of real estate when the sellers/defendants are in the business of selling real estate, as owners or brokers, and are acting in that capacity regarding the transaction at issue. *Ganzevoort v. Russell,* 949 S.W.2d 293, 298 (Tenn. 1997). The Act, however, does not apply if the sellers/defendants are professionally engaged in the real estate profession but are not acting in that capacity in connection with the sale. *Abouelatat v. Davis*, No. E2005,02616-COA-R3CV, 2006 WL 3193685 at * 6 (Tenn. Ct. App. Nov. 6, 2006).

Defendants argue they did not violate the TCPA when they failed to disclose the problem with the septic tank, and also that the Act does not apply to them as the transaction involved the sale of their personal home. The TCPA applies to Ms. Vincent as she admitted at trial that she was acting as both the owner and real estate agent at the time of the sale and that she signed the disclosure statement as both the owner of the property and the listing real estate agent. This Court, in *Fayne I*, stated that Mr. Vincent was "the developer of the subdivision and builder of the house at issue." The Court also stated that Mr. Vincent installed the septic system in violation of the permit issued by the Tennessee Department of Environment and Conservation. *Fayne I*, 2004 WL 1749189 at * 1). On remand, the Trial Court held, based on *Ganzevoort*, that the defendants were a developer and a realtor and that the TCPA applied to them. There is no evidence before us to contradict this determination.

The Vincents continue to argue that there was no intentional misrepresentation, and that the Faynes failed to prove the septic system was in fact defective. Their argument as to fraud or intentional misrepresentation is misplaced. Recovery under the Act is not limited to fraudulent or willful acts; it also contemplates recovery for negligent conduct. *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992).

The Chancellor ordered rescission of the contract of sale based on a finding that "the

disclosure statement was violated" and that Mr. Vincent knew there was a problem or potential problem with the septic system. This holding was not appealed in *Fayne I,* and is the law of the case. Defendants cannot now argue that they did not know of the septic system problem or that the Faynes never proved that there was a defect in the system. Based upon the Chancellor's finding that the Vincents' knew of and failed to disclose the problem, the Vincents did violate the TCPA as their actions constituted "unfair or deceptive acts or practices in the conduct" of commerce.

On remand, the Trial Court held that the acts or omissions were unfair and deceptive to the consumers, and we affirm the Judgment of the Trial Court on this issue.

The Act provides for an award of reasonable attorney's fees "upon a finding by the court that a provision of this part has been violated. Tenn. Code Ann. § 47-18-109(e), *Fayne I,* 2004 WL 1749189 at * 5. The Trial Court, upon remand, held that under the Act attorney's fees of $37,483.93 "were an appropriate and fair remedy in this case". An award of attorney's fees pursuant to the TCPA is intended to make prosecution of such claims economically viable to plaintiff. *Miller v. United Automax,* 166 S.W.3d 692, 697 (Tenn. 2005). Here, the award of attorney's fees was appropriate.

The Faynes have requested an award of attorney's fees associated with defending this appeal. The Supreme Court has held that a plaintiff may be awarded reasonable attorney's fees incurred during an appeal on a claim brought pursuant to the TCPA when there is a finding that the TCPA has been violated. *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 410 (Tenn. 2006). The Court noted that TCPA's provision regarding the award of attorney's fees does not limit the award to fees incurred at the trial level. *Id.* at 410; Tenn. Code Ann. § 47-18-109(e)(1). The rational for an award of appellate attorney's fees is that "the wronged plaintiffs' monetary judgment is at risk of being consumed by the resulting appellate attorney's fees unless they are also subject to being awarded. A plaintiff successful at trial is therefore at risk of being "de-remedied" if unable to collect his or her reasonable appellate legal fees. . . . [A] potential award of attorney's fees under the TCPA is intended to make prosecution of such claims economically viable to plaintiff". *Killingsworth* at 410 (citing *Miller v. United Automax,* 166 S.W.3d 692, 697 (Tenn. 2005). We conclude an award of attorney's fees in defending this appeal to the Faynes is appropriate, and upon remand to the Trial Court, the Trial Court will determine reasonable attorney's fees for the plaintiff's attorney's representation of the plaintiffs in this appeal.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Teresa and David Vincent.

_____
HERSCHEL PICKENS FRANKS, P.J.