IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2014 Session

# SAMUEL BRIDGEFOURTH, JR. v. SANTANDER CONSUMER USA, INC.

**Appeal from the Circuit Court for Shelby County**
**No. CT00555611     Robert Samual Weiss, Judge**

---

**No. W2013-02468-COA-R3-CV - Filed July 21, 2014**

---

Plaintiff's car was repossessed. Plaintiff paid the amount owed, but never received the car. Plaintiff sued and won a judgment for conversion. He was also awarded attorney's fees, first as special damages and then, in an amended order, as punitive damages. Defendant appeals. We reverse because attorney's fees cannot be awarded as punitive damages and no statute or contract involved in this case provides for attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Kannon C. Conway, Memphis, Tennessee, and Dustin N. Pickens, Pittsburgh, Pennsylvania, for the appellant, Santander Consumer USA, Inc.

Kevin A. Snider, Germantown, Tennessee, for the appellee, Samuel Bridgefourth, Jr.

**OPINION**

This case began with the repossession of Mr. Bridgefourth's car by Santander Consumer USA, Inc. ("Santander") on October 6, 2010. Mr. Bridgefourth was 85 days past due on the balance of the loan. On October 18, 2010, he paid the arrearage. Three days later, he received the title in the mail. Mr. Bridgefourth was also advised that he must pay a repossession fee. Santander eventually waived the repossession fee, but never provided the vehicle to Mr. Bridgefourth.

Mr. Bridgefourth filed a civil warrant against Santander in Shelby County General Sessions Court in March 2011 alleging breach of contract, conversion, trespass to chattels,

fraud, misrepresentations, violations of the Tennessee Consumer Protection Act, and a number of reckless or negligent actions and omissions. The general sessions court ruled in Mr. Bridgefourth's favor, and Santander appealed to the circuit court. Mr. Bridgefourth filed an amended complaint. The case was tried September 11, 2011. Mr. Bridgefourth presented evidence about the car and also testified that he had incurred $13,386.00 in attorney's fees. The trial court awarded Mr. Bridgefourth $6,000.00 in compensatory damages for conversion of the car and "special damages in the amount of $13,348.00 for attorney fees necessary to compensate Plaintiff for his losses as a result of Defendant's actions." Mr. Bridgefourth asked for clarification and the court, on November 25, 2013, entered an amended order of judgment which replaced the $13,348.00 special damages award for attorney's fees with an award of $13,348.00 in punitive damages. Santander appealed.

## STANDARD OF REVIEW

In a civil case tried without a jury, we review the trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## ANALYSIS

Santander questions whether the trial court had jurisdiction to amend its previous decision to grant Mr. Bridgefourth punitive damages and whether any basis exists for awarding Mr. Bridgefourth his attorney's fees. We will address the second issue first.

"The purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and to deter others from committing similar wrongs in the future." *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 906-07 (Tenn. 1999). "[A]ttorney's fees are not punitive in nature." *Miller v. United Automax*, 166 S.W.3d 692, 697 (Tenn. 2005). Attorney's fees "are meant to be compensatory, and it is therefore inappropriate to award attorneys' fees as punitive damages." *Buttrey v. Holloway's Inc.*, No. M2011-01335-COA-R3-CV, 2012 WL 6451802, at *13 (Tenn. Ct. App. Dec. 12, 2012).

In Tennessee, courts follow the American Rule, which provides that litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). At oral argument, Mr. Bridgefourth's counsel conceded that the American Rule applies and there is no authority to award attorney's fees in this conversion case.

Because Mr. Bridgefourth cannot be awarded attorney's fees as either punitive or

special damages,[1] we need not address the trial court's jurisdiction to award the attorney's fees as punitive damages.

We reverse the decision of the trial court. Costs of appeal are assessed against the appellee, Mr. Bridgefourth, for which execution may issue if necessary.

_____

ANDY D. BENNETT, JUDGE

---

[1] Counsel for Santander commented on opposing counsel's argument thusly: "You can put lipstick on a pig, but it's still a pig. And you can call attorney's fees punitive damages, but they are still attorney's fees." The phrase regarding pigs seems to be a modern update of much older sayings, such as, "A hog in armour is still but a hog," and "A hog in a silk waistcoat is still a hog." Ben Zimmer, *Who First Put Lipstick on a Pig?*, SLATE MAGAZINE, (Sept. 10, 2008) http://www.slate.com/articles/news_and_politics/explainer/2008/09/who_first_put_lipstick_on_a_pig.html. The lipstick variation is obviously of more recent origin. The word "lipstick" dates to 1880. *Id*.