IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 17, 2023 Session

## GERRISH & MCCREARY, P.C. v. CARRI CHANDLER LANE

**Appeal from the Circuit Court for Shelby County**
**No. CT-007039-01  Yolanda Kight Brown, Judge**

_____

**No. W2022-01441-COA-R3-CV**

_____

Appellant appeals the trial court's denial of her Tennessee Rule of Civil Procedure 60.02 motion. In 2003, the trial court entered judgment against Appellant and in favor of Appellee/law firm. In her role as Appellee's bookkeeper, Appellant committed fraud, misrepresentation, conversion, and negligence in stealing funds from the Appellee's operating account. The 2003 order of judgment also contains a separate judgment for conversion against Appellant's then-husband, who is not a party to this appeal. However, there is no finding of joint-and-several liability in the 2003 order, and Appellant did not appeal the order. After receiving an extension of its judgment, in July 2021, Appellee filed a garnishment against Appellant, claiming that the outstanding balance on the judgment, with interest, was in excess of $1,000,000.00. After the garnishment was filed, Appellant sought a finding that she should receive a credit against the judgment based on the payment made by her then-husband in satisfaction of the 2003 judgment entered against him. Appellant also sought credit for monies paid by Appellee's bank under a private settlement. The bank was never sued. The trial court denied the credits on its finding that the bank and Appellant's then-husband were neither joint tortfeasors, nor jointly and severally liable. The trial court noted that any relief from the 2003 judgment for mistake in the omission of joint-and-several language was time-barred as Appellant failed to bring her Rule 60.02 motion, under subsection (1) for mistake, within the one-year time period contemplated in the rule. Having determined that there was no joint-and-several liability, the trial court determined that Appellant was not entitled to credits for either her then-husband's payment or the bank's payment and denied relief under Rule 60.02(4) for satisfaction of the judgment. Appellant appeals. Discerning no error, we affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Richard Glassman, Lauran G. Stimac, and Brian Garrott, Memphis, Tennessee, for the appellant, Carri Chandler Lane.

John S. Golwen and A. Alex Agee, Memphis, Tennessee, for the appellee, Gerrish & McCreary, P.C.

# OPINION

## I. Background

On November 21, 2001, Appellee Gerrish & McCreary, P.C. ("Gerrish") filed suit against Appellant Carri Chandler Lane and her then-husband Michael Shawn Lane.[1] Gerrish sued Ms. Lane for fraud, misrepresentation, conversion, and negligence. Specifically, Gerrish alleged that, as a bookkeeper for Gerrish, Ms. Lane transferred funds from Gerrish's operating account to the payroll account and then forged checks paying herself funds in excess of her salary. Gerrish further averred that Ms. Lane "deposit[ed] said checks into an account jointly owned and maintained by [Ms. Lane and Mr. Lane] at a financial institution in Memphis, Tennessee." As such, Gerrish alleged a cause of action for conversion against Mr. Lane.

On March 17, 2003, the Shelby County Circuit Court ("trial court") entered a final judgment against Ms. Lane in the amount of $632,444.86 for fraud, misrepresentation, and conversion. The record of the proceedings giving rise to the March 17, 2003 order is not included in our appellate record, and it is unclear whether the $632,444.86 judgment fully compensated Gerrish for its losses. At oral argument, Gerrish's attorney stated that the $632,444.86 was not the full amount of Gerrish's loss, but was the amount that Gerrish could prove forensically at trial. The trial court extended the judgment for ten years in 2013; in January 2023, Gerrish moved to have the judgment extended for an additional 10 years.

In its March 17, 2003 order, the trial court also found Mr. Lane liable for conversion insofar as he "knew or should have known the funds coming into the parties' joint account were far above what he and Ms. Lane were earning as salary … the checks were made payable to, and at least some, were endorsed by Mr. Lane," and he "received the benefits of the embezzled funds." Based on these findings, the trial court entered judgment of $44,402.66 against Mr. Lane, but there is no indication in the order that the separate judgments against Mr. Lane and Ms. Lane were meant to be joint and several. Furthermore, there is no evidence that Ms. Lane sought relief from the 2003 judgment.

---

[1] Mr. Lane is not a party to this appeal.

On April 4, 2005, the trial court entered an order of judgment satisfied, stating that "the judgment rendered in this cause against the defendant, Michael Shawn Lane, together with any and all post-judgment interest thereon, has been satisfied in full. This order is not intended, nor shall it be construed, as having any applicability to the separate judgment rendered against the other defendant in this cause, Carri Lynn Lane." The certificate of service on the order of judgment satisfied does not list Ms. Lane as a recipient, so it is unclear whether or when Ms. Lane was noticed of the order of judgment satisfied.

Meanwhile, Gerrish reached a confidential settlement with Commercial Bank & Trust ("Commercial Bank"). Gerrish did not file suit against Commercial Bank, and the settlement was reached through confidential negotiations. As such, Commercial Bank has never been a party to the civil lawsuit giving rise to the instant appeal, and this record contains no documentation concerning the nature of Gerrish's claim against Commercial Bank or the terms of the settlement.[2] We note, however, that the criminal court order, *see infra*, states that the settlement amount was $140,000.00.

In a separate proceeding against Ms. Lane in the criminal court, she was ordered to pay restitution of $566,500.00. On December 14, 2020, Ms. Lane filed a motion for early termination of probation, wherein she argued that her restitution had been paid in full. On April 16, 2021, the criminal court granted Ms. Lane's motion, finding that, as a result of: (1) $260,000.00 paid by Ms. Lane; (2) $100,000.00 paid by Gerrish's insurance provider; (3) $18,000.00 received by Gerrish from Ms. Lane's retirement account; (4) $140,000.00 received from Commercial Bank; and (5) $44,000.00 Gerrish received from Mr. Lane, Ms. Lane had completed her restitution. There is no evidence that Ms. Lane presented the criminal court order to the trial court or otherwise sought Tennessee Rule of Civil Procedure 60 relief from the 2003 judgment based on the ruling of the criminal court that she had satisfied her restitution.[3]

On June 15, 2021, Gerrish filed a garnishment against Ms. Lane reflecting an outstanding judgment amount of $321,534.54, an interest amount of $740,303.71, and prepaid costs reimbursement of $49.00, for a total of $1,061,887.25. On February 17, 2022, Ms. Lane filed a "Motion as to Outstanding Judgment," wherein she argued (for the first time in the trial court) that all or part of the judgment against her had been satisfied by Mr. Lane and/or Commercial Bank, whom she asserted acted as joint tortfeasors with her. On June 24, 2022, the trial court entered an order denying Ms. Lane's motion. Specifically, the trial court found that Commercial Bank and Mr. Lane were not acting as joint

---

[2] At oral argument, Gerrish's attorney stated that Gerrish's claim against Commercial Bank was for breach of the deposit account agreement, *i.e.*, contract, between Gerrish and Commercial Bank. Thus, Gerrish claims that the amount recovered from Commercial Bank is for an injury separate and apart from that Gerrish suffered at the hands of Ms. Lane. Furthermore, because the settlement between Gerrish and Commercial Bank was confidential, Gerrish's attorney was unclear as to how the criminal court arrived at the $140,000.00 amount it credited to Ms. Lane.

[3] We make no finding as to whether such motion would have been effective.

tortfeasors. The trial court noted that the March 17, 2003 judgment and the July 21, 2005 order of judgment satisfied did not state that Mr. Lane and Ms. Lane were jointly and severally liable. The trial court further noted that no Tennessee Rules of Civil Procedure 59 or 60 motions were brought to amend either the 2003 or 2005 judgment concerning joint and several liability. Finally, the trial court held that because Commercial Bank "was not made a party to this action, and the Court is not aware of any authority that allows this Court to consider whether a possible tortfeasor is jointly and severally liable without them being made a proper party to the action[,]…[t]he Court finds that this is not a situation where satisfaction from other defendants will preclude [Gerrish] from proceeding against Defendant Carri Lane."

On July 13, 2022, Ms. Lane filed a Tennessee Rule of Civil Procedure 60.02(4) motion to alter or amend the trial court's order denying her "Motion as to Outstanding Judgment." Under rule 60.02(4), Ms. Lane argued that the judgment had been satisfied for the reasons set out above. By order of September 12, 2022, the trial court denied Ms. Lane's motion on the ground that neither Mr. Lane nor Commercial Bank were joint tortfeasors. She appeals.

## II. Issues

Ms. Lane raises the following issues for review as stated in her brief:

I. Did the Circuit Court err, in its June 24, 2022 Order Denying Defendant's Motion as to Outstanding Judgment, by holding that Defendant/Appellant Carri Lane and Defendant Shawn Lane were not joint tortfeasors, subject to joint and several liability, when the Circuit Court's 2003 Final Judgment found that Defendant Shawn Lane "ratified the embezzlement" of Defendant/Appellant Carri Lane?

II. Did the Circuit Court err, in its June 24, 2022 Order Denying Defendant's Motion as to Outstanding Judgment, by holding that Defendant/Appellant Carri Lane and Commercial Bank and Trust were not joint tortfeasors, subject to joint and several liability, when Plaintiff/Appellees received a confidential monetary settlement from Commercial Bank and Trust as a result of the conversion of Defendant/Appellant Carri Lane?

III. Did the Circuit Court err, in its June 24, 2022 Order Denying Defendant's Motion as to Outstanding Judgment and its September 12, 2022 Order Denying Defendant's Motion to Alter or Amend, by holding that Defendant/Appellant Carri Lane's Motion as to Outstanding Judgment could not be considered, pursuant to Tenn. R. Civ. P. 60.02(4), when Defendant/Appellant Carri Lane sought for the Circuit Court to hold that the Final Judgment against her had been satisfied?

## III. Standard of Review

"In reviewing a trial court's decision to grant or deny relief pursuant to Tennessee Rule of Civil Procedure 60.02, we give great deference to the trial court." **Henry v. Goins**, 104 S.W.3d 475, 479 (Tenn. 2003). "A Rule 60.02 motion for relief from a judgment is within the sound discretion of the trial court and the court's ruling on a Rule 60.02 motion may not be reversed on appeal unless it is determined that the court abused its discretion." **Holiday v. Shoney's South, Inc.**, 42 S.W.3d 90, 92 (Tenn. Ct. App. 2000) (citations omitted); *see also* **Turner v. Turner**, 473 S.W.3d 257, 268 (Tenn. 2015). An abuse of discretion occurs only when the trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." **Henry**, 104 S.W.3d at 479 (citations omitted). "The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court." **Id**.

## IV. Analysis

Tennessee Rule of Civil Procedure 60.02 provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. . . .

In her February 17, 2022 "Motion as to Outstanding Judgment," Ms. Lane asked the trial court to "eliminat[e] the outstanding balance of the judgment against her, or in the alternative, reduc[e] her outstanding judgment by the payments made (1) from Defendant's retirement account, (2) by Commercial Bank and Trust, and (3) by Michael Shawn Lane." In its June 24, 2022 order, the trial court denied Ms. Lane's motion. In so ruling, the trial court reasoned:

1. . . . The Court finds that the Final Judgment entered on March 17, 2003 (the "Final Judgment") and the Order of Judgment Satisfied entered on July 21, 2005 (the "Order of Judgment Satisfied") do not find that Defendant and Shawn Lane are jointly and severally liable, and the separate judgments entered against each of them are vastly different. The Order of Judgment Satisfied also decreed that Defendant Shawn Lane has satisfied the judgment rendered against him and specifically stated that "this order is not intended,

- 5 -

nor shall it be construed, as having any applicability to the separate judgment rendered against the other defendant in this cause, Carri Lynn Lane." This Court finds that any confusion in the wording of this Court's ruling as it relates to the Final Judgment was made clear in the Order of Judgment Satisfied. The Court finds that the judgments entered against Defendant and Shawn Lane were separate.

2. This Court may have considered this position at least as to the conversion claim and specifically found that Defendant and Shawn Lane acted in concert and found them jointly and severally liable for the amount of damages due to the conversion and specifically notated what portion of the judgment amount against Defendant, *i.e.*, the same amount of $44,000.00, was attributable to conversion. However, no motion was brought to alter or amend the Final Judgment or The Order of Judgment Satisfied pursuant to Tennessee Rule of Civil Procedure 59.04 or Rule 60 for mistake, and the time to bring such motions [has] expired.

3. The Court finds that [Commercial Bank] was not made a party to this action, and the Court is not aware of any authority that allows this Court to consider whether a possible tortfeasor is jointly and severally liable without them being made a proper party to the action and the Court making a finding that they are jointly and severally liable.

4. The Court finds that this is not a situation where satisfaction from other defendants will preclude Plaintiff from proceeding against Defendant Carri Lane.

5. The Court finds that credit has already been given for the $18,517.76 paid from Defendant's retirement account on January 10, 2005.

6. For the foregoing reasons, the Court finds that the Final Judgment against defendant should not and is not satisfied, eliminated, or reduced by the Shawn Lane Payment, the [Commercial Bank] Payment, or the Retirement Fund Payment.

In her July 13, 2022 motion for relief from the June 24, 2022 order, Ms. Lane requested the trial court to "reconsider whether Defendant is entitled to relief from the outstanding judgment as a result of satisfaction of part of the judgment by Michael Shawn Lane, a joint tort-feasor, because her Motion as to Outstanding Judgment was timely filed pursuant to Tenn. R. Civ. P. 60.02." In its September 12, 2022 order denying Ms. Lane's motion, the trial court held that:

1. The Court's June 24, 2022 Order Denying Defendant's Motion as to Outstanding Judgment was proper where the Court determined based on a review of the relevant filings, including the Order of Judgment Satisfied entered on June 21, 2005 as to Defendant Michael Shawn Lane ("Shawn Lane"), that the civil judgments against Shawn Lane and Defendant Carri Lane in favor of Plaintiff were separate and not as joint tortfeasors. As such,

there can be no part of the Final Judgment against Defendant that has been satisfied. Consequently, Defendant's argument that the Court correctly found Defendant and Shawn Lane to be joint tortfeasors is contrary to this Court's previous findings and orders. As a result, Tenn. R. Civ. P. 60.02(4) has no application.

2. The Court's Order Denying Defendant's Motion as to Outstanding Judgment indicated that it may have reconsidered the position at least to the conversion claim; however, this would fall under Tenn. R. Civ. P. 60.02(1) for mistake and not because the Final Judgment was satisfied. The Court would first have to be in a position to correct the "mistake" if there is found to be one before it could make any determination that a judgment was satisfied. However, the Tenn. R. Civ. P. 60.02(1) motion was not brought within a year of the Final Judgment and is time barred. Further, it is time barred under Tenn. R. Civ. P. 59.04 as it was not filed and served within 30 days of the entry of the Final Judgment.

We agree with the trial court's analysis. Insofar as Ms. Lane seeks relief from the 2003 final judgment under Rule 60.02(1) for the court's alleged error in mistakenly or inadvertently omitting a finding of joint-and-several liability concerning the separate judgments against Mr. Lane and Ms. Lane, Ms. Lane's motion is untimely. Rule 60.02 requires that motions for relief from orders on the grounds of mistake or inadvertence must be brought "not more than one year after the judgment, order or proceeding was entered or taken . . . ." Here, Ms. Lane's motion was brought nineteen years after entry of the 2003 final judgment. At this late date, Rule 60.02(1) cannot operate to amend the trial court's 2003 order to include a statement of joint-and-several liability as to the separate judgments against Mr. Lane and Ms. Lane, and we cannot imply such holding in the absence of language to support it. *See Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977) ("No principle is better known than that which states that a Court speaks through its orders[.]"). In the absence of joint-and-several liability, we can only conclude that the judgments against Mr. Lane and Ms. Lane were separate and distinct. As such, Ms. Lane is not entitled to a credit against her judgment for Mr. Lane's $44,000.00 payment.

Now, as to the settlement Gerrish received from Commercial Bank, as noted above, Commercial Bank was not a party to the underlying lawsuit. As such, there can be no joint-and-several liability *vis-à-vis* Commercial Bank. However, Ms. Lane argues that the doctrine of one loss/one recovery applies such that she should receive a credit for the amount Commercial Bank paid to Gerrish. As this Court has explained:

It is axiomatic that a plaintiff may not recover double redress for a single wrong. *See Miller v. United Automax*, 166 S.W.3d 692, 697 (Tenn. 2005); Concrete Spaces, Inc. v. Sender, 2 S.W.3d 901, 906 (Tenn. 1999); *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 238 (Tenn. Ct. App. 1998) ("Whether the theory of recovery is breach of contract, intentional

misrepresentation, or promissory fraud, if the damages claimed under each theory overlap, the Plaintiff is only entitled to one recovery.").

*Reinhart v. Knight*, No. M2004-02828-COA-R3-CV, 2005 WL 3273072, at *2 (Tenn. Ct. App. Dec. 2, 2005), *perm. app. denied* (Tenn. April 24, 2006). There are two problems with the application of the foregoing doctrine in this case.

First, although "where there is only one injury the law permits only one recovery," *TSC Indus., Inc. v. Tomlin*, 743 S.W.2d 169, 172 (Tenn. Ct. App. 1987), here it is not clear whether the injury Gerrish sustained from Commercial Bank's actions/inactions was a separate and distinct injury from that sustained at the hands of Ms. Lane. As noted above, it appears that Gerrish's claim against Commercial Bank sounded in contract, not in the fraud, misrepresentation, conversion, and negligence that were Gerrish's claims against Ms. Lane. However, without the record of the 2003 proceedings (which are not included in our appellate record), there is insufficient evidence from which we could infer that the injuries caused by Commercial Bank and Ms. Lane were one and the same.

Second, from the record, we cannot determine whether the $632,444.86 judgment against Ms. Lane fully compensated Gerrish for its losses. In fact, at oral argument, Gerrish's attorney stated that Gerrish's losses were much greater than the $632,444.86, but this was the amount that Gerrish could prove through forensic evidence. In the absence of the 2003 record, we cannot conclude that Gerrish was fully compensated in this case, much less that it received any overlap in recovery.

Having determined that Ms. Lane is not entitled to credit for either Mr. Lane's payment or the Commercial Bank settlement, the judgment against her remains in effect, and the relief offered under Tennessee Rule of Civil Procedure 60.02(4) ("the judgment has been satisfied, released or discharged. . .") is not available.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Carri Chandler Lane, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

- 8 -